IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEANINE SANTIAGO,                        No C-09-0160 VRW (PR)

       Plaintiff,

    v

UNITED STATES OF AMERICA                 ORDER OF SERVICE

       Defendant(s).
_____/

**I**

Plaintiff, a former prisoner at the Federal Correctional Institution in Dublin, California (FCI - Dublin), has filed a pro se complaint for damages under the Federal Tort Claims Act ("FTCA"), 28 USC §§ 1346(b), 2671-2680, alleging that officials at FCI - Dublin were grossly negligent with respect to the safety of the cell in which she was housed and with respect to her medical care once she sustained an injury.

**II**

Federal courts must engage in a preliminary screening of

cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

### A

Absent a waiver, sovereign immunity shields the federal government and its agencies from suit.  <u>Loeffler v Frank</u>, 486 US 549, 554 (1988).  In passing the FTCA, Congress waived the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment.  <u>FDIC v Meyer</u>, 510 US 471, 475-76 (1994).

The FTCA encompasses liability for injury or loss of property or personal injury or death caused by "the negligent or wrongful act or omission of any employee of the federal government" while acting within the scope of the employee's office or employment.  28 USC §§ 1346(b), 2672.  The statute defines "employee of the government" to include "officers and employees of any federal agency."  Id § 2671.

The court must determine whether the United States is subject to tort liability by applying the law of the state where the

2

1  act or omission occurred.  See <u>McMillan v United States</u>, 112 F3d
2  1040, 1043 (9th Cir 1997); <u>Ciao v INS</u>, 16 F3d 1039, 1041 (9th Cir
3  1994).  The United States is liable only "if a private person[]
4  would be liable to the claimant in accordance with the law of the
5  place where the act or omission occurred."  28 USC § 1346(b).  Put
6  simply, the United States waives sovereign immunity only under
7  circumstances where local law would make a private person liable in
8  tort.  <u>United States v Olson</u>, 546 US 43 (2005); accord <u>Ravel v
9  United States</u>, 22 F3d 960, 961 (9th Cir 1994) (US must be treated as
10 private person even if different rule applies to state governmental
11 entities); <u>Tekle v United States</u>, 511 F3d 839, 854 (9th Cir 2007)
12 (liability of federal officers for false arrest or imprisonment is
13 governed by state law regarding liability of private individual for
14 effectuating a false "citizen's" arrest).  The FTCA does not
15 encompass constitutional torts.  See <u>Meyer</u>, 510 US at 476-78.
16 Instead the FTCA is limited to state torts since its source of
17 substantive liability is the law of the state where the act or
18 omission occurred.  Id at 477 (citations omitted).

20                                    B

21        On December 3, 2006, plaintiff fell while climbing down
22 from her bunk bed in her cell at FCI – Dublin and was "impaled by
23 [a] protruding screw."  Plaintiff claims officials at FCI – Dublin
24 were grossly negligent in creating unsafe living conditions and in
25 providing her with medical care following her injury.  Liberally
26 construed, plaintiff's allegations appear to state a claim under the

**FTCA.**

### III

**For the foregoing reasons and for good cause shown:**

**1.    The clerk shall issue summons and the United States Marshal shall serve the United States, without prepayment of fees, by delivering a copy of the summons and complaint to the United States Attorney for the Northern District of California.  See Fed R Civ P 4(i)(1)(A)(i).  The clerk shall send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, DC.  See id 4(i)(1)(B).  The clerk also shall send a copy of this order to plaintiff.**

**2.    In order to expedite the resolution of this case, the court orders as follows:**

**a.    No later than 90 days from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, it shall so inform the court prior to the date its motion is due.  All papers filed with the court shall be served promptly on plaintiff.**

**b.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendant no later**

than 30 days after defendant serves plaintiff with the motion.

    c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

  Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC section 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in

order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir 2003).

        d.    Defendant shall file a reply brief within 15 days of the date on which plaintiff serves it with the opposition.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

    4.    All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

//
//
//
//
//
//
//
//
//
//
//

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

_____
**VAUGHN R WALKER**
United States District Chief Judge

G:\PRO-SE\VRW\CR.09\Santiago-09-0160-order of service.wpd